## Commonwealth v. Kiehart

514

*Joseph J. Walsh,* for plaintiff.
*Walsh & Fadden,* for defendant.

HOBAN, J., June 9, 1939.—Defendant was indicted for aggravated assault and battery and on that indictment was tried by a jury on February 15, 1939. The case was duly submitted to the jury, which arrived at a verdict after the close of court for that day, sealed its verdict and separated. The next morning the jury reported its verdict to the court as follows:

"We find the defendant not guilty and recommend that he pay costs, including hospital and doctor bills."

Thereupon the court pointed out to the jury that hospital and doctor bills were not the proper subject of costs to be disposed of by a jury upon the trial of a misdemeanor, whereupon the jury informed the court that their verdict was based upon a consideration that these particular items of expense to plaintiff should be paid by defendant and did not intend merely to impose record or legal costs. Since the jury had separated during the prior evening, the court considered that it was without authority to return the matter to the jury for further deliberation and accordingly declared a mistrial.

The case was listed for trial at the April session, whereupon defendant filed a plea of autrefois acquit, to which the Commonwealth demurred. The matter is now before us for disposition of the plea and demurrer.

The theory of the Commonwealth is that a plea of autrefois acquit presupposes a verdict, and that since the court refused to record the verdict in the form returned by the jury there is no such thing as a previous acquittal and the plea is ineffective. But we cannot agree with

this view. The jury arrived at findings and submitted them in open court. The mere fact that the court was of the opinion that the verdict could not be recorded in that form does not eliminate the fact that the jury actually arrived at and presented a verdict, which included a verdict of acquittal so far as the offense charged in the indictment was concerned. We now conclude that the court could properly have moulded the verdict to eliminate the words, "including hospital and doctor bills", allowing the verdict to stand as a verdict of "not guilty" but with the costs imposed upon defendant. As so moulded the verdict is directed to be recorded and the demurrer to the plea of autrefois acquit is overruled.